## DYER v. BRIDGE HEIGHTS REALTY CO.

---

(April 21, 1930. Opinion and Decree.)
(July 2, 1930. Judgment amended by Supreme Court on Writs of Certiorari and Review.)

---

Theo. Cotonio and Theo. Cotonio, Jr., of New Orleans, attorneys for plaintiff, appellant.

J. Studebaker Lucas and H. J. Agregaard, of New Orleans, attorneys for defendant, appellee.

## ON MOTION TO DISMISS

WESTERFIELD, J. The motion to dismiss in this case is based upon the contention that the amount involved is in excess of the sum of $2,000, the upper limit of our jurisdiction in monied demands.

The judgment from which plaintiff alone has appealed was one rendered by the Civil District Court for the parish of Orleans perpetuating a preliminary writ of mandamus and ordering the defendant corporation to issue to plaintiff a certificate or certificates of stock to the extent of 230 shares, "in lieu of a like amount issued to William R. Dodd under certificates 15, 18 and 19, upon relator furnishing bond of a surety company, authorized to do business in the state of Louisiana, in the amount of the par value of said stock, to secure said corporation from any loss, or liability which might accrue to holders or persons having an interest in the original certificates, and until the surrender and cancellation of said original shares."

Plaintiff complains of that part of the judgment which orders a bond equal to the par value of the stock, his contention being that the actual value of the stock is far less than its par value. The petition does not fix either the par value or the actual value of the stock, nor does it appear directly from the evidence in the case. The motion for a new trial declares the par value to be $50 per share, or $11,500, but avers that the entire 230 shares had been purchased by plaintiff at sheriff's sale for $115. The entire record in the matter of Dyer v. Dodge, No. 180,859 of the docket of the Civil District Court, was offered in evidence. This record we do not find in the transcript of appeal, but we must presume that it contained sufficient evidence of the value of the stock, or, at least, of its par value, to enable the court to fix the amount of the bond. Whether the action of the court in this respect was proper is a question we are not called upon at this time to decide. The amount involved is the value of the stock certificates, which plaintiff sought by mandamus to have issued to him. The trial court, for reasons which it deemed sufficient, reached the conclusion that the stock was worth $11,500, for that is the amount of bond it required as a condition precedent to granting the relief sought by plaintiff. It follows that this court is without jurisdiction ratione materiae in the premises. We have concluded to transfer the case to the Supreme Court in accordance with the authority conferred upon us by Act No. 56 of 1904, as amended by Act No. 19 of 1912.

It is, therefore, ordered, adjudged, and decreed that this case be transferred to the Supreme Court of the state of Louisiana, provided that appellant shall file in the Supreme Court within thirty days from this date, a transcript of this case prepared in accordance with the rules prescribed by said court for transcripts of appeals from the district courts to said court, together with a copy of this order; otherwise that the appeal herein be dismissed. The costs of appeal to this court to be paid by appellant.